*867 OPINION
PER CURIAM.
Appellant Glenn Joseph Turner, a pro se litigant, seeks review of the District Court’s October 20, 2008, 2008 WL 4671709, Order denying his petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, we will affirm.
I.
In November 1985, Turner was sentenced in federal court to fifteen years of imprisonment, to be followed by a two-year term of special parole. In June 2005, Turner was released from federal incarceration into supervised parole, with special conditions. In January 2007, Turner was charged with violating the special conditions of his parole that prohibited him from: (1) associating with members of the Pagan Motorcycle Club; (2) wearing clothing adorned with logo of the Pagan Motorcycle Club; and (3) leaving the Eastern District of Pennsylvania without the permission of his supervising U.S. Probation Officer. Following an April 2007 hearing, the U.S. Parole Commission (“the Commission”) revoked Turner’s parole and ordered that he serve eleven months before being re-paroled. Turner appealed the Commission’s decision and the National Appeals Board (“the Board”) denied relief in a September 2007 opinion. In late December 2007, Turner was re-paroled from a federal half way house and placed under the supervision the United States Probation Office of the Eastern District of Pennsylvania.
In November 2007, Turner filed a federal petition for writ of habeas corpus in the District Court pursuant to 28 U.S.C. § 2241.[1] He argued that the conditions of his parole violate his First Amendment rights of freedom of association and speech. He further contended that he was illegally charged with leaving the jurisdiction of his supervising officer and that the authority of the Commission violates the separation of powers doctrine of the United States Constitution. The District Court denied Turner’s petition, having concluded that there was a reasonable relationship between the conditions of Turner’s parole and legitimate government interests. It further found that the standard travel restriction imposed upon Turner was lawful and that his separation of powers claim lacks merit. The District Court declined to issue a certificate of appealability and Turner filed a timely appeal.[2]
II.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court’s legal conclusions. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir.2002). A court’s role in reviewing decisions made by the United States Parole Commission on an application for a writ of habeas corpus is limited. See Gambino v. Morris, 134 F.3d 156, 160 (3d Cir.1998). The appropriate standard of *868 review is whether there is a rational basis in the record for the Commission’s decision. Id. The court must only ensure that the Commission’s decision is not arbitrary and capricious, nor based on impermissible considerations. Id.
After reviewing the record, we agree with the District Court’s conclusion that the Commission had a rational basis for imposing special conditions on Turner’s parole.
III.
A. First Amendment Claims
Turner first claimed in his habeas petition that the conditions of his parole violated his First Amendment rights of freedom of association and speech. Turner argued that because he committed the crimes resulting in his federal conviction alone, he should not be restricted from associating, in any way, with members of the Pagan Motorcycle Club (the “Pagans”). As previously mentioned, the Commission prohibited Turner from associating with Pagans and wearing clothing with the Pagan logo. These special conditions were imposed because: (1) Turner’s criminal record showed that his previous criminal activity was related to his membership in the Pagans and (2) the Pagans’ history of involvement in criminal activity could result in Turner’s association with convicted felons.
A parolee’s activities, even those involving constitutional rights, may be restricted if there is a reasonable basis to believe that engaging in the prohibited activity could hinder rehabilitation or pose a danger to society. See United States v. Crandon, 173 F.3d 122, 127-28 (3d Cir.1999). In Crandon, we affirmed a supervised release restriction on Internet access imposed on a defendant convicted of receiving child pornography because the condition was narrowly tailored and was directly related to deterring Crandon and protecting the public. Id.; see also United States v. Beros, 833 F.2d 455, 467 (3d Cir.1987) (restriction on holding union position and receiving union funds was reasonably related to prevention of future crime based on prior conviction for embezzlement and misuse of union funds); United States v. Showalter, 933 F.2d 573, 575-76 (7th Cir.1991) (restriction of association with other skinheads and neo-Nazis was properly imposed as a condition of supervised release to deter defendant from engaging in future criminal conduct). The Ninth Circuit has expressly upheld a special condition of supervised release which prohibited a parolee from associating with members of motorcycle clubs. United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir.1991).
Despite Turner’s contentions, there is significant evidence demonstrating that the special condition restricting his contact with Pagan members is reasonably related to his prior criminal activity.[3] The Commission imposed the special condition based on Turner’s undisputed long-term relationship with the Pagans, including a period in a high-ranking position, and because much of his prior criminal activity was related to his membership in the Pagans. In 1975, Turner was convicted of a firearms offense arising from an incident in which he pointed a gun at a person who was accused of shooting a member of the Pagans. In 1976, Turner was convicted of participating in a large-scale methamphetamine and PCP conspiracy that was operated by Pagan members. In 1980, Turner’s parole was revoked when he went to *869 visit a state inmate who was a known Pagan member and a co-conspirator in the drug conspiracy. Moreover, at Turner’s most recent parole hearing, he admitted that he had been in contact with Pagan members while on parole and that he had an almost life-long affiliation with the Pagans and felt obligated to them for their support while he was in prison. At no point did Turner contest the Commission’s finding that the Pagans have a history of involvement in criminal activities.
We agree with the District Court that the condition prohibiting Turner’s contact with Pagan members was reasonably related to his prior criminal activity and intended to deter him from engaging in future criminal activity and to protect the public, and thus was a valid restraint on his right of freedom of association.[4] See Crandon, 173 F.3d at 127-28.
The condition that Turner refrain from wearing the logo of the Pagans is supported by the same rationale. Although he argues that the Supreme Court’s ruling in Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), should lead us to conclude otherwise, his reliance on Cohen is misplaced. In Cohen, the defendant was convicted of disturbing the peace when he walked through a courthouse wearing a jacket bearing an expletive. Id. at 16, 91 S.Ct. 1780. The Supreme Court vacated his conviction, finding that his conviction rested solely upon the content of his speech, and thus violated his rights under the First and Fourteenth Amendments. Id. at 18-19, 91 S.Ct. 1780. Here, in contrast, Turner was a parolee and thus subject to reasonable restrictions on his constitutional rights. The restriction on wearing Pagan logos in the company of club members is reasonably related to the goals of rehabilitation and the protection of society.
B. Restrictions on Travel
Turner also claimed that the Commission erred by concluding that he violated his conditions of parole by traveling outside of the district without permission. As mentioned, Turner is under the supervision of the U.S. Probation Office in the Eastern District of Pennsylvania. Turner admitted to the Commission that he traveled to Delaware to attend a memorial for a Pagan member. However, he argued in his petition that his travel to Delaware was lawful because Delaware, as well as the district in which he is paroled, is within the appellate jurisdiction of this Court. The District Court correctly noted that the fact that Delaware is within the appellate jurisdiction of this Court does not extend Turner’s ability to travel to every district within the Third Circuit without the permission of his probation officer. This Court’s jurisdiction under 28 U.S.C. § 1291 is distinct from the jurisdiction of the Commission. See 18 U.S.C. § 4210(a). As a parolee, Turner is in the “legal custody and under the control of the Attorney General” until the expiration of his parole term. Id.
Furthermore, to the extent that Turner argues that such travel restrictions in general are unconstitutional, we have previously held that “conditions of probation include restrictions on a defendant’s right to travel.” United States v. Warren, 186 F.3d 358, 366 (3d Cir.1999); Williams v. *870 Wisconsin, 336 F.3d 576, 581 (7th Cir.2003) (“Like prisoners, ... parolees ... have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences.”)
Accordingly, the District Court correctly concluded that Turner was properly charged with a parole violation for leaving the Eastern District of Pennsylvania without the permission of his probation officer.
C. Separation of Powers Claim
Lastly, the District Court correctly determined that Turner’s separation of powers claim lacks merit. Under the Doctrine of Separation of Powers, each branch of government (judicial, executive, legislative) exercises exclusive authority over certain matters. See I.N.S. v. Chadha, 462 U.S. 919, 951, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983).
Turner has not presented a plausible Separation of Powers claim to challenge the authority of the Commission to impose conditions of parole upon him. The Commission has full authority to grant, deny or revoke Turner’s parole; the Commission may also impose or modify the conditions of his parole. See 18 U.S.C. §§§ 4208, 4209, 4214. In doing so, the Commission does not usurp the authority of the judiciary such that its decisions violate the Doctrine of Separation of Powers. See Geraghty v. U.S. Parole Commission, 719 F.2d 1199, 1211-12 (3d Cir.1983). The Commission may lawfully impose reasonable conditions of parole, see 18 U.S.C. § 4209(a), and, as we have concluded, the Commission’s conditions in this case are reasonable and rationally related to the goals of Turner’s parole.
Accordingly, we will affirm the judgment of the District Court.[5]

. The writ of habeas corpus is available only to persons held "in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(c)(3). Turner was in physical custody in a federal half way house at the time he filed his petition and is currently paroled with restrictions under the supervision of the U.S. Probation Office of the Eastern District of Pennsylvania. Accordingly, he met the “custody" requirement of 28 U.S.C. § 2241. See Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (parole meets the "in custody” requirement for habeas review).

. Because Turner is a federal prisoner, he does not need a certificate of appealability to appeal from the denial of his § 2241 petition. See 28 U.S.C. § 2253(c)(1); United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir.2000).

. The Commission, in determining the conditions of Turner's parole, was not limited to considering only matters directly related to his most recent offense of conviction. See 18 U.S.C. § 4209(a)(2).

. Although the condition also prohibited Turner from associating with members of other motorcycle clubs that had a history of criminal activity, it does not appear that Turner challenged that aspect of the condition in his appeal of the Commission's ruling. It is clear that he did not raise the claim in his habeas petition. Therefore, we will not address it as neither the Appeals Board nor the District Court considered the constitutionality of the restriction on association with other motorcycle clubs.

. Appellee's motion for leave to file its supplemental appendix under seal is granted. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir.1994).