[Cite as *State v. Robbs*, 2015-Ohio-5211.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0126** |
| JOSHUA W. ROBBS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00769.

Judgment: Affirmed.


*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Rhys Brendan Cartwright-Jones,* 42 North Phelps Street, Youngstown, OH 44503-1130 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Joshua W. Robbs, appeals from the judgment entry of the Trumbull County Court of Common Pleas sentencing him to serve two concurrent five year terms of community control for aggravated assault and sexual imposition. Appellant contends the trial court erred in giving the Trumbull County Adult Probation Department discretionary power to monitor his computer and internet usage. We affirm the trial court's judgment.

{¶2} The charges in this matter stemmed from appellant's conduct with his 18-year-old stepdaughter. Over a period of time, he touched her sexually. And, when his wife was out of the house, he required the young woman to wear provocative outfits, such as thongs and t-shirts without a bra. He insisted that she email him pictures of herself in these outfits. Ultimately, the young woman reported this conduct to a former school teacher and contacted the police. On October 30, 2013, appellant was indicted on three counts of gross sexual imposition and one count of kidnapping.

{¶3} On October 7, 2014, a bill of information was entered, charging appellant with aggravated assault, in violation of R.C. 2903.12(A)(1) and (B), a felony of the fourth degree, and sexual imposition, in violation of R.C. 2907.06(A)(1) and (C). Appellant pleaded guilty to the bill of information and the trial court ordered preparation of a presentence investigation report.

{¶4} On December 9, 2014, appellant was sentenced to five years of community control on each count, to run concurrently, subject to the general supervision of the Adult Probation Department and various conditions. One such condition subjected appellant's computer and/or internet usage to the discretionary monitoring of the probation department. No objection was raised. Appellant now appeals assigning the following error:

{¶5} "The trial court erred in imposing terms of probation that (a) required Joshua Robbs to submit his internet usage to monitoring of the Trumbull County Probation Department and (b) forbade him from using social media."

{¶6} A trial court speaks through its journal entries. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶47. Because the judgment entered in this case did not

2

include a restriction on appellant's use of social media, we limit our review to considering whether the trial court erred in subjecting his computer and internet usage to monitoring by the probation department. Since appellant did not object at sentencing to the terms of his community control, we review the matter for plain error. *State v. Devai*, 11th Dist. Ashtabula No. 2012-A-0054, 2013-Ohio-5264, ¶16.

{¶7} Crim.R. 52(B) allows an appellate court to correct "[p]lain errors or defects affecting substantial rights" that were not brought to the attention of the trial court. In *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, the Supreme Court of Ohio set forth strict limitations on what rises to plain error. First, there must be error. *Id*. Second, the error must be plain, i.e., the error must be an "obvious" defect in the proceedings. *Id*. Third, the error must have affected a defendant's "substantial rights." *Id*.

{¶8} Appellant essentially argues the sanction at issue – monitoring of his computer and internet usage – is not properly tailored to fit the crimes he committed. We do not agree.

{¶9} When sentencing an offender to community control sanctions, the sentencing court may impose conditions it deems appropriate. R.C. 2929.25(A)(1)(a). "In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the [sentencing] court may impose additional requirements on the offender. The offender's compliance with the additional requirements also shall be a condition of the community control sanction imposed upon the offender." R.C. 2929.25(C)(2).

{¶10} The trial court has broad discretion in imposing "additional requirements" on an offender as part of their community control sanctions. *See State v. Jones*, 49

3

Ohio St.3d 51, 52 (1990) (discussing conditions of probation under former R.C. 2951.02). The trial court's imposition of community control sanctions is reviewed under an abuse of discretion standard. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶10.

{¶11} "The courts' discretion in imposing conditions of probation [community control sanctions]," however, "is not limitless." *Jones*, *supra*. "In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.* at 53. (citations omitted).

{¶12} The trial court determined, as a condition of appellant's community control, that his computer/internet usage shall be monitored at the discretion of the Trumbull County Adult Probation Department. Because the condition bears some relationship to a crime for which appellant was convicted and reasonably relates to appellant's rehabilitation, the trial court acted within its discretion in ordering the discretionary monitoring as a condition of appellant's community control.

{¶13} Appellant was convicted of a sexually oriented offense. And the record indicates appellant insisted the victim email him photos of her in sexually provocative outfits. Appellant's internet usage was necessarily related to the facts and circumstances which led to the charges to which he pleaded guilty.

4

{¶14} Further, a person who has been convicted of a criminal offense enjoys a reduced expectation of privacy. *Jones*, *supra*, at 53-54. In this case, appellant is not barred from using the internet entirely, but is simply subject to discretionary monitoring. As discussed above, appellant's use of the internet had some relationship to the crimes of which appellant was convicted. The possibility of the probation department reviewing appellant's internet usage will consequently function to dissuade him from engaging in the kind of conduct that lead to him being criminally charged.

{¶15} The condition at issue is analogous to cases in which a court, as a condition for a drug offender's community control, subjects the offender to random drug screens. The goal, in each situation, is not to arbitrarily curtail an individual's right to privacy; instead, the purpose of the condition is to help the offender avoid circumstances that could reasonably lead to future problems with the law. In this respect, the condition is rationally related to the sentencing goal of rehabilitation. *See State v. Eal*, 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373, ¶105 (requiring a defendant, convicted of uploading child pornography, to have only supervised use of computers "is directly related to defendant's conviction and is reasonably related to rehabilitating defendant by deterring him from using the Internet as he did in committing the crimes subject of this appeal.")

{¶16} The condition at issue is reasonably related to appellant's rehabilitation; has some relationship to the criminal acts leading to his charges; and serves the interests of justice through ensuring appellant's good behavior. We discern no error in the trial court's imposition of the condition at issue.

{¶17} Appellant's assignment of error is therefore without merit.

{¶18} For the reasons discussed above, the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶19} Federal courts have found that a parolee's constitutional rights, including those under the First Amendment, "may be restricted if there is a reasonable basis to believe that engaging in the prohibited activity could hinder rehabilitation or pose a danger to society." *Turner v. United States*, 347 Fed. Appx. 866, 868 (3rd Cir.2009) (upholding restriction on appellant associating with his former motorcycle club and wearing its colors, since his crimes related to his activities with the club). Courts have routinely upheld tailored internet restrictions applied to those convicted of violating child pornography laws. *See, e.g.*, *United States v. Holm*, 326 F.3d 872, 877-879 (7th Cir.2003); *State v. Eal*, 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373, ¶103-106.

{¶20} I agree the restriction imposed is minimal: Mr. Robbs is not prevented from using computers and the internet. However, it is difficult to discern the nexus between this sanction, and the crimes he committed. He coerced his stepdaughter into unwanted sexual conduct. The only part of this coercive conduct relating to computers or the internet was his demand she send him provocative pictures via email. The

argument here is, would the trial court also prohibit him from sending letters via the U.S. Postal Service? There is nothing in the record to indicate Mr. Robbs has done this with any other woman. Thus, the matter is distinguishable from the situation presented by *Eals*, *supra*, relied on by the majority, wherein the appellant had downloaded child pornography to his computer. In that case, it was apparent appellant was an habitual offender, with numerous victims, who could only be prevented from future crime and rehabilitated by monitoring his use of the internet. As the trial court acknowledged, apart from his crimes against Ms. Horsely, Mr. Robbs has a clean record. There is no indication in the record that Mr. Robbs habitually uses e-mail to harass women. And the judgment entry of sentence already prevents him from any further contact with his victim. Furthermore, this sanction could hinder him in conducting a host of other legitimate and necessary activities such as seeking employment; communicating with friends and family; paying bills on-line; or using Mapquest.

{¶21} First Amendment rights are always substantial: limitations on them must be tailored closely to prevention of the apprehended harm. Accordingly, I would uphold the assignment of error, and modify the sentence to reflect this. Otherwise, I would affirm the judgment of the trial court.

{¶22} I respectfully concur and dissent.