[Cite as *State v. Devai*, 2013-Ohio-5264.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0054** |
| BELA DEVAI, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CR 437.

Judgment: Affirmed.

*Thomas L. Sartini,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Thomas Rein,* Leader Building, #940, 526 Superior Avenue, Cleveland, OH 44114 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Bela Devai, Jr., appeals his conviction and sentence after pleading guilty to six counts of gross sexual imposition of his four-year-old granddaughter. At issue is whether the trial court committed plain error by not engaging in a merger analysis where appellant did not raise the issue below and the record does not demonstrate error. For the reasons that follow, we affirm.

{¶2} Appellant was indicted for one count of rape of his granddaughter, who was less than 13 years old, a felony of the first degree, in violation of R.C. 2907.02(A)(1), and six counts of gross sexual imposition of the child, felonies of the third degree, in violation of R.C. 2907.05(A)(4). Appellant pled not guilty.

{¶3} Following plea negotiations, on March 17, 2011, appellant pled guilty to the six counts of gross sexual imposition. The court found that appellant's guilty plea was voluntary; accepted his plea; found him guilty of six counts of gross sexual imposition, third-degree felonies; entered a nolle prosequi with respect to the rape charge; and referred the matter for a pre-sentence report. The first count of gross sexual imposition alleged it occurred on August 14, 2010. The remaining counts alleged they occurred between June 1, 2010 and August 14, 2010. Appellant did not raise the merger issue at his guilty-plea hearing.

{¶4} On July 8, 2011, the court conducted a sentencing hearing. Prior to the imposition of sentence, the prosecutor provided the court with a detailed statement of the facts to which appellant did not object. The prosecutor said that on August 14, 2010, the victim's mother asked appellant, who is her father, to babysit her four-year old daughter, R.P., while the victim's mother went shopping at the grocery store. Appellant was 59 years old at the time and would often babysit the child.

{¶5} When the victim's mother arrived home, she found her father seated on the couch with his legs spread apart with R.P. between his legs and her hands on his thighs. Both appeared startled. The victim's mother paid her father for babysitting and he left. She then asked R.P. what they were doing when she entered the room. At first the child was reluctant to answer. Eventually, R.P. said she had touched appellant's

2

private parts. That day the victim's mother reported appellant's conduct to the Ashtabula County Sheriff's Office.

{¶6} On August 24, 2010, R.P. told a caseworker at the Children's Advocacy Center that she had touched appellant's "private spot." When asked what she was referring to as appellant's private spot, she pointed to the penis on a drawing of a male. R.P. said she had seen a kind of "milky stuff" come out of appellant's penis, which she called his "boo-boo." She said, "I didn't drink any of it. Yucky stuff." She said it would come out when appellant "shook it." R.P. said appellant would pull his penis out of the leg of his short pants or untie his pants and take it out. She said that appellant would tell her it was a secret and if she told anyone, he would get mad. R.P. said that one time when her mother came home, they had to quickly close up appellant's pants "because we didn't want mommy to see."

{¶7} R.P. demonstrated what they did with anatomical dolls by pulling the male doll's pants and underwear down far enough to expose his penis. She then took the female doll and had that doll touch the male doll on his penis. R.P. said that appellant gave her "lots of candy." R.P. said that appellant sprayed the milky stuff out of his penis and it went on her. The caseworker asked R.P. if it ever got on her face. R.P. said it got on her lip and then "drooled" onto her shirt. She said that on one occasion, appellant's penis rubbed on her face and one time his penis went into her mouth.

{¶8} On September 14, 2010, Detective Mike Rose of the Ashtabula County Children Services Board interviewed appellant. During the interview, appellant said that R.P. was inquisitive about his privates so he showed her his penis and testicles. He said that when he was babysitting at the victim's house he did not wear underwear

3

because it was so hot there. He said that sometimes his penis would "accidentally" fall out, but when Detective Rose asked him if it was always an accident that his penis came out, appellant said, "not always." Appellant said that R.P. "accidentally" saw his penis four or five times. When confronted with the information R.P. had provided the CAC caseworker, appellant admitted R.P. touched his penis, which, he said, felt good and sometimes made him "get hard." He said R.P. kissed the head of his penis. He admitted R.P. laid her face on his penis "at least six times." He also admitted his penis touched R.P.'s face and he ejaculated on her face "about six times." Appellant admitted he masturbated in R.P.'s presence a "couple of times." He said all of this activity started "a couple of months" before August 14, 2010, the date his daughter walked in on him and R.P. The prosecutor told the court that these various sexual acts were "separate incidents" and appellant did not deny it.

{¶9} Appellant did not dispute any of the foregoing facts. When the judge asked him if he had anything to say, he said no.

{¶10} The prosecutor recommended the court impose consecutive sentences of three years on each count, for a total of 18 years in prison.

{¶11} The court sentenced appellant to two-year prison terms on five counts of gross sexual imposition, each of which was to be served consecutively to the others, for a total of ten years in prison. The court also sentenced him to two years in prison on the sixth count of gross sexual imposition, to be served concurrently to the others. At no time during the sentencing hearing did appellant raise the merger issue.

{¶12} Appellant did not file a timely appeal of his conviction. Instead, on August 15, 2012, more than one year after his sentence, he filed in the trial court a "Motion To

4

Correct Void Sentence That Has Been Imposed Without Jurisdiction." Appellant argued that, because the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, severed the statutory provisions requiring judicial fact-finding for consecutive sentences, the trial court did not have jurisdiction to impose consecutive sentences in this case. Thus, he argued his sentence was void. The trial court denied the motion. Appellant did not timely appeal the court's ruling.

{¶13} Subsequently, on November 8, 2012, appellant filed a motion for leave to file a delayed appeal of the trial court's denial of his "Motion To Correct Void Sentence," which this court granted. However, on appeal, appellant abandons his challenge to the trial court's denial of his motion to correct his sentence, and, instead, asserts the following for his sole assignment of error:

{¶14} "The trial court erred by ordering convictions and a consecutive sentence for separate counts of Gross Sexual Imposition because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 as they are part of the same transaction under R.C. 2929.14" (Sic.).

{¶15} Appellant argues the trial court erred in not engaging in a merger analysis to determine whether the offenses to which he pled guilty are allied offenses of similar import. He argues that, although he never raised the issue below, the trial court committed plain error by not making such determination.

{¶16} When reviewing sentencing errors, the Supreme Court of Ohio has consistently held that a failure to object waives all but plain error. *See e.g. State v. Comen*, 50 Ohio St.3d 206, 211 (1990) (allied offense issue was waived because appellant failed to raise issue in the trial court and appellate court need not address it);

5

*State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶152 (failure to object to imposition of consecutive sentences forfeits all but plain error).

{¶17} Here, because appellant did not raise the issue of merger in the trial court, he waived all but plain error. Crim.R. 52(B) allows us to correct "[p]lain errors or defects affecting substantial rights" that were not brought to the attention of the trial court. In *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), the Supreme Court of Ohio set forth very strict limitations on what constitutes plain error. First, there must be an error, i.e., a deviation from a legal rule. *Id.* Second, the error must be plain, i.e., the error must be an "obvious" defect in the proceedings. *Id.* Third, the error must have affected "substantial rights." *Id.*

{¶18} In *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, the Supreme Court of Ohio held that the defendant has the burden of demonstrating plain error. *Id.* at ¶17. A reversal is warranted only if the defendant can prove the outcome would have been different absent the error. *Id.* In the context of a guilty plea, this means that, but for the alleged error, the defendant would not have pled guilty. *Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶38. Where the defendant does not argue that, but for the alleged error, he would not have pled guilty, there is no plain error. *Id.*

{¶19} In *State v. Gotel*, 11th Dist. Lake No. 2006-L-015, 2007-Ohio-888, this court held that if a defendant does not raise the issue of allied offenses in the trial court, the issue is waived for purposes of appeal unless he demonstrates plain error. *Id.* at ¶23.

{¶20} Further, the decision to correct a plain error is discretionary and should be made "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes, supra,* quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶21} In support of appellant's argument, he cites *State v. Corrao*, 8th Dist. Cuyahoga No. 95167, 2011-Ohio-2517, in which the Eighth District held that the trial court's failure to undertake a merger analysis was plain error, even though the record did not contain any facts from which the appellate court could make a determination regarding merger. *Id.* at ¶10.

{¶22} However, the Eighth District recently rejected the court's reasoning in *Carrao*, and reached the opposite conclusion in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584-98590, 2013-Ohio-1027.

{¶23} The Eighth District in *Rogers* held that an error is "plain error" only when it is obvious from the record. *Id.* at ¶8. If there are no facts in the record showing that an error occurred, i.e., that the offenses were allied, by definition, there is no plain error. *Id.* The Eighth District noted that the Supreme Court of Ohio has only found plain error when an error is clear from the record and the defendant failed to object to it. *Id.* The Eighth District held, "there is no plausible interpretation of the plain error doctrine that would allow an appellate court to find error simply because there are no facts to show whether any error occurred." *Id.* The Eighth District criticized its prior holding in *Corrao*, noting that it rested on the incorrect premise that plain error can exist on the mere possibility of error. *Id.*

7

**{¶24}** The Eighth District in *Rogers* noted that *Corrao* involved a guilty plea, which constitutes an admission of factual guilt that obviates the need for fact-finding on the charges. *Rogers* at ¶9. Thus, by their very nature, guilty plea proceedings do not require and are generally devoid of facts to prove the underlying offense. *Id.* As a result, the appellate court held that, if the defendant who pleads guilty wants to make an allied-offense argument at sentencing, he has the responsibility to ensure the record contains facts to support his argument. *Id.* If he fails to do so, any argument on appeal is waived. *Id.* The Eighth District held:

> **{¶25}** We therefore find no basis for the suggestion that it is plain error for the court to fail to inquire into the possibility of whether offenses are allied for purposes of sentencing. We continue to adhere to the basic proposition of appellate review that plain error can only exist if there is evidence making an error manifest on the record. We cannot envision a scenario where the absence of error on the record can ever suffice to show plain error. *Id.* at ¶11.

**{¶26}** The Eighth District subsequently considered *Rogers* en banc. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584-98590, 2013-Ohio-3235 ("*Rogers II*"). In *Rogers II*, the Eighth District held that when the issue of merger is "facially apparent," the trial court's failure to address the merger issue is plain error. *Rogers II* at ¶39. However, the Eighth District in *Rogers II* stated that, prior to sentencing, prosecutors have many opportunities to state facts on the record that would support a determination that certain offenses are not allied. *Id.* at ¶44. For example, they can state at a guilty plea hearing which offenses are not allied and why they are not allied by providing a

8

factual basis for the plea or they can appear at sentencing and state why offenses are not allied. *Id.* The Eighth District said this can easily be satisfied by a brief recitation of facts by the prosecutor and does not have to involve long hearings or witnesses. *Id.* at ¶45.

**{¶27}** Appellant's reliance on *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, is misplaced as *Underwood* is distinguishable. In *Underwood*, the Supreme Court of Ohio held that "imposition of multiple sentences for allied offenses of similar import is plain error." *Id.* at ¶ 31. However, the error in *Underwood* was plain on the record because the state conceded in that case that the offenses at issue were allied offenses and should merge for sentencing. *Id.* at ¶5.

**{¶28}** Appellant also relies on this court's holding in *State v. May*, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233, in which this court remanded the case to the trial court to determine whether the offenses should be merged pursuant to the new allied offense standard announced in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. However, this court distinguished *May* in its recent decision in *State v. Kouns*, 11th Dist. Portage No. 2011-P-0105, 2012-Ohio-5331, for two reasons. First, May was sentenced before *Johnson*, and this court in *May* held that a remand was necessary to give the trial court an opportunity to analyze the case under the *Johnson* standard. *Kouns* at ¶26, fn. 1. Second, this court in *Kouns* held that, although the defendant pled guilty, there were facts in the record showing the offenses at issue did not merge so that the defendant was not prejudiced by the lack of a merger analysis. *Id.* at ¶26.

**{¶29}** Here, appellant was sentenced after *Johnson*, and we must presume the trial court was aware of that case in sentencing appellant. Further, there is nothing in

the record demonstrating error, i.e., that the offenses to which appellant pled guilty are allied offenses. Also, on appeal, appellant does not argue that any of the offenses are allied. Further, appellant does not argue that, but for the trial court's failure to undertake a merger analysis, he would not have pled guilty. Thus, we do not discern plain error.

{¶30} In any event, the record contains facts showing the offenses to which appellant pled guilty are not allied offenses of similar import.

{¶31} The constitutional prohibition against multiple punishments for the same offense is codified in R.C. 2941.25, which provides:

> {¶32} (A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one.

> {¶33} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶34} The Supreme Court of Ohio has struggled with the proper analysis of allied offenses of similar import since its decision on this issue in *State v. Rance*, 85 Ohio St.3d 632 (1999). Recognizing that the law of allied offenses post-*Rance* had become an unworkable and unpredictable quagmire of exceptions, the Court revisited the allied offense analysis in 2010, and overruled *Rance* in *Johnson*, *supra*.

{¶35} In *Johnson*, the Court developed the current standard, holding that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. In making such a determination, the trial court must first determine whether it is possible to commit multiple offenses by the same conduct. *Id.* at ¶48. If the court determines that the multiple offenses can be committed by the same conduct, the court must determine whether the offenses were, in fact, committed by the same conduct: i.e., by "'a single act committed with a single state of mind.'" *Id.* at ¶49. If both questions are answered affirmatively, the offenses will merge. *Id.* at ¶50.

{¶36} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has [a] separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." (Emphasis sic.) *Johnson* at ¶51.

{¶37} Here, appellant pled guilty to six separate offenses of gross sexual imposition, in violation of R.C. 2907.05(A)(4). That statute provides, "[n]o person shall have sexual contact with another, not the spouse of the offender; [or] cause another, not the spouse of the offender, to have sexual contact with the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of that person." Pursuant to R.C. 2907.05(D), "[a] victim need not prove physical resistance to the offender in prosecutions under [R.C. 2907.05]." "Sexual contact" is defined at R.C. 2907.01(B) to include "any touching of an erogenous zone of another,

including without limitation the * * * genitals * * * [or] pubic region * * * for the purpose of sexually arousing or gratifying either person."

**{¶38}** In *State v. Thomas*, 12th Dist. Brown No. CA2002-01-001, 2003-Ohio-74, the defendant was the child's babysitter. After allegations of sexual activity arose, the defendant admitted he put his hand down the ten-year old girl's pants three to four times. He also admitted placing his finger insider her vagina two to three times. In one incident, he put his penis inside her vagina two to three times. In another incident, he rubbed his penis against her and then penetrated her. The appellate court stated:

> **{¶39}** Appellant was convicted of multiple instances of rape and gross sexual imposition, involving different sexual activities on several separate occasions over a period of time. The crimes were committed separately and there was a separate animus for each crime. Therefore, the trial court acted properly in not treating these offenses as allied offenses of similar import and in sentencing defendant on each guilty finding. *Id.* at ¶16.

**{¶40}** As noted above, this court in *Kouns, supra*, held that where the defendant pled guilty and facts were presented prior to sentencing showing the offenses to which he pled guilty were not allied offenses, he was not prejudiced by the trial court's failure to engage in a merger analysis. *Id.* at ¶24-26.

**{¶41}** Further, in *State v. Swank*, 11th Dist. Lake No. 2008-L-019, 2008-Ohio-6059, this court held that where the defendant pled guilty and facts were presented at the sentencing showing the offenses were not allied offenses, the trial court did not err in sentencing the defendant for both offenses. *Id.* at ¶42.

{¶42} Here, the state presented facts at the sentencing that supported appellant's multiple convictions. The record shows that appellant groomed his four-year-old granddaughter to engage in various sexual acts. He had her touch his penis on multiple occasions; he said this touching made him feel good and "sometimes made him get hard;" he rubbed his penis on her face; he put his penis in her mouth; he had her kiss the head of his penis; he had her lay her face on his penis at least six times; he touched R.P.'s face with his penis and he ejaculated on her face about six times. The prosecutor told the trial court at the sentencing in open court that each of the various sexual acts appellant committed were "*separate incidents*" and appellant did not deny it. Further, appellee requested consecutive sentences. As a result, the trial court essentially conducted a merger analysis.

{¶43} In summary, appellant never raised the merger issue below. He also failed to put facts in the record to support such argument. Moreover, the record contains facts showing the offenses were committed separately and do not merge. Thus, under a plain-error analysis, we find no prejudice resulting from the trial court's failure to engage in a merger analysis.

{¶44} For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶45} I concur with the majority to affirm the judgment of the trial court. However, I believe the court should have conducted a merger analysis. In any event, its failure to do so in this case constitutes harmless error.

{¶46} Appellant's argument focuses on the fact that the trial court erred in not engaging in a merger analysis to determine whether the offenses to which he pleaded guilty are allied offenses of similar import. Although he never raised the issue below, he asserts that the court committed plain error by not making such determination.

{¶47} Appellate courts review an allied offenses question de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶12. "R.C. 2941.25 'codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense.' *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, * * * ¶23. At the heart of R.C. 2941.25 is the judicial doctrine of merger; merger is 'the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.' *State v. Botta*, 27 Ohio St.2d 196, 201 * * * (1971)." (Parallel citations omitted.) *Williams* at ¶13.

{¶48} R.C. 2941.25 states:

{¶49} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶50} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶51} "R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. * * * [A]llied offenses of similar import are to be merged at sentencing. *See State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, * * * ¶43; *State v. McGuire* (1997), 80 Ohio St.3d 390, 399 * * *. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. * * * Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct. For this reason, a trial court is required to merge allied offenses of similar import at sentencing." *Underwood, supra,* at ¶26-27. (Emphasis sic.) (Parallel citations omitted.)

{¶52} "Under Crim.R. 52(B), '(p)lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' * * * [I]mposition of multiple sentences for allied offenses of similar import

15

is plain error. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087 * * * ¶96-102." *Underwood, supra,* at ¶31. (Parallel citation omitted.)

**{¶53}** A defendant's plea to multiple counts does not affect the trial court's duty to merge allied offenses at sentencing nor bar appellate review of the sentence. *Underwood, supra,* at ¶26-29.

**{¶54}** The method employed by courts in determining whether two crimes constitute allied offenses of similar import has evolved. Under the current standard, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus.

**{¶55}** "'When a defendant enters a guilty plea to multiple offenses of similar import and the trial court accepts the plea, the trial court must conduct a hearing before entering a judgment of conviction and make a determination as to whether there were allied offenses of similar import committed with a single animus [or] whether there were offenses committed separately or with a separate animus as to each offense.'" *State v. Little*, 2d Dist. Greene No. 2008-CA-76, 2009-Ohio-4328, ¶59, quoting *State v. Stephens*, 8th Dist. Cuyahoga Nos. 62554, 62555, and 62556, 1993 Ohio App. LEXIS 2945 (June 10, 1993).

**{¶56}** Here, appellant pleaded guilty to multiple counts and the trial court accepted his plea. However, a de novo review of the trial court record, including the PSI report, i.e., uncontested, unsworn evidence which was not subject to cross-examination but made part of the record on appeal in this matter wherein

16

the appellant admitted to multiple, separate occurrences of the crimes of which

he was convicted, renders the trial court's failure in this matter harmless error.

{¶57} Accordingly, I concur in judgment only.