[Cite as *State v. Barnard*, 2016-Ohio-7842.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2016-A-0010 and 2016-A-0011** |
| JASON C. BARNARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2015 CR 00253 and 2014 CR 00741.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Rick L. Ferrara,* 2077 East 4th Street, 2nd Floor, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Jason C. Barnard, appeals his sentence in the Ashtabula County Court of Common Pleas, following his guilty plea to illegal manufacturing of meth, aggravated possession of meth, and possession of criminal tools. Appellant argues that because some facts in the record indicated the offenses were allied offenses of similar import, the trial court committed plain error in not merging them. He argues this court should remand for the trial court to merge the offenses. The state

concedes a remand is necessary, but argues the trial court should conduct a merger inquiry and determine whether the offenses should merge. For the reasons that follow, we reverse and remand.

{¶2} On March 5, 2015, in Case No. 2014 CR 741 ("the first case"), appellant was charged in a one-count indictment with illegal assembly or possession of chemicals for the manufacture of meth, a felony of the third degree. Appellant pled not guilty.

{¶3} Thereafter, on July 8, 2015, in Case No. 2015 CR 253 ("the second case"), appellant was charged in a four-count indictment with illegal manufacture of meth, a felony of the second degree (Count One); aggravated possession of meth, a felony of the second degree (Count Two); tampering with evidence, a felony of the third degree (Count Three); and possession of criminal tools, a felony of the fifth degree (Count Four). Appellant pled not guilty.

{¶4} Subsequently, the parties entered a plea bargain. The two cases were consolidated in the trial court for purposes of taking appellant's guilty pleas and sentencing. At the guilty plea hearing, appellant pled guilty to all counts as alleged in both indictments. The court found that appellant's guilty pleas were voluntary and accepted them.

{¶5} Pursuant to the plea bargain, while the parties did not jointly agree on the sentence, the state agreed to recommend concurrent sentences. In the first case, the court sentenced appellant to five years in prison for illegal assembly or possession of chemicals for the manufacture of meth.

{¶6} In the second case, on Count One, illegal manufacture of meth, the court sentenced appellant to five years. On Count Two, aggravated possession of meth, the court sentenced him to five years. On Count Three, tampering with evidence, the court

sentenced him to three years. On Count Four, possession of criminal tools, the court sentenced him to one year. All sentences in the second case were ordered to be served concurrently to each other and the sentences in both cases were ordered to be served concurrently to each other, for a total sentence of five years in prison.

{¶7} Appellant appeals his sentence. For his sole assignment of error, he alleges:

{¶8} "The trial court erred when it failed to merge allied offenses of similar import where the facts known to the court raised a reasonable probability that illegal manufacturing was allied with two other offenses."

{¶9} As a preliminary matter, the one offense charged by the indictment in the first case occurred on November 30, 2014. The four offenses charged by the indictment in the second case occurred five months later on April 30, 2015. Thus, the offense charged in the first case and the four offenses charged in the second were not committed by the same conduct and are not allied offenses of similar import. Thus, while appellant purports to appeal both convictions, his appeal actually addresses only his conviction in the second case.

{¶10} This court sua sponte consolidated both cases on appeal. Appellant argues the trial court committed plain error in not merging three of the four offenses to which he pled guilty in the second case (illegal manufacturing of meth, aggravated possession of meth, and possession of criminal tools) because, he contends, these offenses were allied offenses of similar import.

{¶11} R.C. 2941.25 reflects the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶11. R.C. 2941.25 provides:

3

**{¶12}** (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶13}** (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶14}** The Supreme Court of Ohio in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, held that "[u]nder R.C. 2941.25, the [trial] court must determine prior to sentencing whether the offenses were committed by the same conduct." *Id*. at ¶47.

**{¶15}** In the instant case, appellant concedes that he failed to raise the merger issue in the trial court and that he is making his merger argument for the first time on appeal. The Supreme Court's recent decision in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, regarding plain error is pertinent because *Rogers* also involved a defendant who pled guilty to multiple offenses and failed to raise the merger issue in the trial court. The Supreme Court in *Rogers* stated:

**{¶16}** An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, *an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses* of similar import committed with the same conduct and without a separate animus; and, *absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. Id*. at ¶3. (Emphasis added.)

**{¶17}** Thus, pursuant to *Rogers*, a defendant cannot demonstrate that the court committed plain error in failing to inquire into whether the offenses merge for purposes of sentencing unless he demonstrates a reasonable probability that the offenses to

4

which he pled guilty are allied offenses of similar import, thus showing a "prejudicial effect on the outcome of the proceeding." *Id.* at ¶25.

**{¶18}** In *Johnson, supra*, the Supreme Court of Ohio held that when determining whether multiple offenses are allied offenses of similar import under R.C. 2941.25, "the conduct of the accused must be considered." *Id.* at syllabus. Further, in making such determination, "the question is whether *it is possible* to commit one offense and commit the other with the same conduct * * *." (Emphasis added.) *Id.* at ¶48. "If the multiple offenses *can be committed by the same conduct*, then the court must determine whether the offenses *were committed by the same conduct*, i.e., 'a single act, committed with a single state of mind.'" (Emphasis added.) *Id.* at ¶49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶50.

**{¶19}** More recently, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court reaffirmed its holding in *Johnson* that in determining the existence of allied offenses, the emphasis is on the defendant's conduct, rather than an abstract comparison of the elements of the subject offenses. *Ruff* at ¶16, 26. However, the Court in *Ruff* stated that the *Johnson* test is "incomplete because R.C. 2941.25(B) provides that when a defendant's conduct constitutes two or more offenses of dissimilar import, the defendant may be convicted of all of the offenses." *Ruff* at ¶16. The Court in *Ruff* held: "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors - the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. Further, "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the

5

harm that results from each offense is separate and identifiable. *Id.* at paragraph two of the syllabus. The Court in *Ruff* explained:

> **{¶20}** A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance - in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, [or] (3) the offenses were committed with separate animus or motivation. *Id.* at ¶25.

**{¶21}** Ohio Appellate Districts, in applying the *Johnson/Ruff* test, have held that, depending on the defendant's conduct, illegal manufacture of meth and possession of chemicals and criminal tools used to manufacture meth may be allied offenses of similar import. In *State v. Carr*, 5th Dist. Perry No. 15-CA-00007, 2016-Ohio-9, the Fifth District stated: "Applying the facts and viewing Carr's conduct in this case, illegal manufacture of [meth] * * * and illegal * * * possession of chemicals used to manufacture [meth] with intent to manufacture [meth]" were allied offenses of similar import. *Id.* at ¶38. Further, in *State v. Biondo*, 11th Dist. Portage No. 2012-P-0043, 2013-Ohio-876, this court stated that it was possible to commit illegal manufacture of meth and possessing criminal tools (pyrex dishes, coffee filters, and a scale) with the same conduct, but that the record did not contain sufficient facts concerning whether Biondo did, in fact, commit the two offenses by the same conduct. *Id.* at ¶7. Thus, this court in *Biondo* reversed and remanded for the trial court to establish the underlying facts concerning the defendant's conduct and to determine whether his crimes should merge. *Id.* at ¶13.

**{¶22}** As noted, appellant argues the trial court should have merged three of the four offenses to which he pled guilty in the second case. The trial court learned some of

6

the facts concerning appellant's conduct in the second case during his guilty plea hearing when the court asked him to provide a factual basis for his plea in that case. The following exchange took place between the court and appellant with respect to the second case:

{¶23} THE COURT: Now we're under 2015 CR 253, this has four counts. These are all alleged to have occurred all on the same date and that's what led me to think maybe this was all a part of one course of conduct and the State just divided it up into four different charges. But the first one is an illegal manufacture of methamphetamine. So what was going on there?

{¶24} * * *

{¶25} MR. BARNARD: I had a backpack with all of it on my back.

{¶26} THE COURT: So you had this methamphetamine that they alleged - -

{¶27} MR. BARNARD: All of this was purchased, carried, whatever you want say. (Sic.) It was all in one bag, sir.

{¶28} THE COURT: All right. That's so that there was manufacturing of methamphetamine was taking place? (Sic.)

{¶29} MR. BARNARD: Yes, sir.

{¶30} THE COURT: Now - - and all the other stuff, too, the scale, the tubing, and all that that they're calling criminal tools. (Sic.) You had them - -

{¶31} MR. BARNARD: All those things in the back pack.

{¶32} THE COURT: - - all in that? And then the last thing is they accused you of doing something to try to destroy it or in some way - - that was the tampering with evidence.

{¶33} MR. BARNARD: I put the bag on the ground. It was on my back when I ran behind the house. I threw it on the ground. They charged me with tampering with evidence.

{¶34} Based on the foregoing exchange, appellant argues that there was a reasonable probability that his convictions were for allied offenses of similar import and

7

that the trial court committed plain error in not merging them. He argues this court should reverse and remand for the trial court to merge the offenses.

{¶35} The state concedes that the record discloses a reasonable probability that the three subject offenses were allied offenses of similar import. However, the state argues the facts in the record are insufficient to determine if the offenses were allied. Thus, instead of this court remanding for the trial court to simply merge the offenses, the state asks this court to remand for a new sentencing hearing at which the trial court will determine whether the offenses are allied offenses of similar import and thus merge for the purposes of sentencing.

{¶36} Here, the trial court sentenced appellant without conducting an inquiry on the issue of merger and without determining whether the three subject offenses were allied offenses of similar import. While the court obtained some limited information regarding appellant's conduct in committing the subject crimes when the court asked him for the factual basis for his guilty plea, we agree with the state's argument that the record contains insufficient facts concerning whether appellant did, in fact, commit the three offenses by the same conduct. For example, it is possible the subject possession-of-criminal-tools charge involved more tools than were involved in the manufacture-of-meth charge. *Biondo, supra,* at ¶11. As explained by this court in *State v. Miller*, 11th Dist. Portage No. 2009-P-0090, 2011-Ohio-1161, ¶56:

> {¶37} Because the *Johnson* test requires a court to consider the specific details of the conduct which precipitated the charges, we are unable, at this time, to determine whether appellant's convictions for illegal manufacturing of methamphetamine and possession of chemicals to produce methamphetamine should have merged.

{¶38} This court has previously stated that a trial court's merger inquiry does not require formal hearings and witnesses. *State v. Devai*, 11th Dist. Ashtabula No. 2012-

8

A-0054, 2013-Ohio-5264, ¶26.  Rather, the inquiry can be accomplished by the prosecutor making a recitation on the record of the facts during the sentencing that would support a determination that certain offenses are not allied. *Id.*

{¶39} We therefore hold that because appellant demonstrated a reasonable probability that the three subject offenses are allied offenses of similar import, the trial court's failure to inquire into and determine whether the convictions merge for sentencing purposes was plain error.  On remand, the trial court shall conduct a re-sentencing during which the court shall establish the underlying facts of appellant's conduct and determine whether his crimes should merge for sentencing purposes.

{¶40} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.